Case 1:16-cv-06774-CM Document 28 Filed 07/07/17 Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/11/17

**LAW OFFICE OF WILLIAM COUDERT RAND**
**501 Fifth Avenue, 15th Floor**
**New York, New York 10017**
**Phone: (212) 286-1425; Fax (646) 688-3078**
**Email: wcrand@wcrand.com**

MEMO ENDORSED

July 7, 2017

7/11/2017
The settlement is approved. While the fees exceed the amount of the plaintiff's modest recovery, they are well under local rates for work performed by attorneys in similar matters and $7500 for 50 hours of work is entirely reasonable.
CM
Colleen McMahon

**Via ECF**
Hon. Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1350
New York, New York 10007
(Deputy: Mariela De Jesus; Phone: 212-805-6325)

**Re: Angel J. Lujan Ulloa v. Peacock Paint Supplies Inc. et al., 16 Civ. 6774 (CM)**

Dear Judge McMahon,

I write jointly on behalf of the parties in the above matter, to inform the Court that the parties have reached a settlement agreement under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").

Plaintiffs and Defendants seek court approval of their fully executed settlement agreement which is attached as Exhibit A as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015).

**Summary of the Claims and Background**

Defendants operate a painting company. Plaintiff Angel Ulloa was a painter who worked for Defendants and alleged that he worked off the clock during certain shifts and was not paid regular or overtime wages for his work off the clock. Defendants deny Plaintiff Ulloa's claims.

Plaintiff Ulloa filed the Complaint on August 29, 2016 and on November 4, 2016, Jaime Perdomo Collazos filed a consent to opt into the action as a Plaintiff. Thereafter the parties on December 9, 2016, agreed to the mailing of an FLSA notice which was sent to 107 potential plaintiffs on March 1, 2017 with an opt-in deadline of April 30, 2017. No additional plaintiffs opted into the action after the mailing. The parties, upon the expiration of the opt-in period, commenced settlement discussions and after using a spreadsheet to estimate damages and exchanging numerous offers and counter offers were finally able to settle the case. Opt-in Plaintiff Collazos disappeared and did not respond to the undersigned's telephone calls or letters, so the parties agreed to dismiss his claims without prejudice.

Case 1:16-cv-06774-CM Document 28 Filed 07/07/17 Page 2 of 5

**Terms of Settlement**

The settlement agreement is fair and reasonable. The settlement was negotiated at arm's length back and forth back over weeks. The final settlement grants Plaintiff $2,500 which equals 2.5 hours per week times $24.38 x 38 weeks = $2,316.10 plus $183.90 for reimbursement of personal paint brush expense. The $24.38 represents Plaintiff's premium overtime rate (his regular hourly rate was $16.25). Although Plaintiff claimed he generally worked 80 hours per week and was told to work certain 8 hour shifts off the clock, Defendants dispute his allegations and maintain that he was paid for all hours worked correctly. Defendants further produced time records which Defendants maintain undermine Plaintiff Ulloa's claim, and in fact demonstrate that he was overpaid. Plaintiff Ulloa disputes the accuracy time records produced by Defendants. The litigation risk was material because the Plaintiff did not keep any records documenting his hours. Furthermore, there is the risk of delay resulting from a trial and a potentially long appeal period.

The settlement also includes payment of reasonable attorneys' fees and expenses equal to $7,500, including fees in the amount of $6,920 and expenses in the amount of $580 The legal fee settlement payment is reasonable as it represents an hourly rate of $131.30 per hour based on 52.7 legal hours worked by Plaintiffs' counsel.

**The Legal Fees To Be Paid Under the Settlement Agreement Are Reasonable**

The FLSA and NYLL both are fee-shifting statutes, entitling Plaintiffs to recover their reasonable attorney's fees and costs. See 29 U.S.C. § 216 (b); N.Y. Lab. Law § 198 (1-a). Legal fees in FLSA actions are the result of fee shifting in the statute and are not subject to proportionality to the recovery but rather are recovered based on the work performed regardless of the monetary recovery achieved. Judge Denny Chin has stated in Ayres v. 127 Restaurant Corp., 1999 U.S. Dist. Lexis 7935 at *4-5 (S.D.N.Y. May 21, 1999), aff'd, 1999 U.S. App. Lexis 34235 (2d Cir. December 23, 1999):

> [T]he courts have consistently held that an attorneys' fee award should not be reduced to achieve proportionality with the amount of the recovery. *See City of Riverside v. Rivera,* 477 U.S. 561, 575, 91 L. Ed. 2d 466, 106 S. Ct. 2686 (1986); *Quaratino*, 166 F.3d at 426 ("Congress enacted fee-shifting in civil rights litigation precisely because the expected monetary recovery in many cases was too small to attract effective legal representation. Were we to adopt the 'billing judgment' approach that the district court advocates, we would contravene that clear legislative intent by relinking the effectiveness of a civil rights plaintiff's legal representation solely to the dollar value of her claim.") (citation omitted). This reasoning is particularly applicable to wage and hour cases, where the recoveries usually are not high.

"There is no rule requiring proportionality between the amount of fees requested and the damages recovered. The Second Circuit recently stated that 'while a court may, in exceptional circumstances, adjust the lodestar, it may not disregard it entirely. Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes:

Case 1:16-cv-06774-CM Document 28 Filed 07/07/17 Page 3 of 5

assuring that civil rights claims of modest cash value can attract competent counsel.'" *Clark v. New York City Health and Hospitals Corp.*, 2011 U.S. Dist. LEXIS 95621 *7 (S.D.N.Y. Aug. 24, 2011) (*citing Millea v. Metro-North R.R. Co.*, Nos. 10-409-cv, 10-564-cv, 658 F.3d 154, 2011 U.S. App. LEXIS 16354 at *10 (2d Cir. Aug. 8, 2011).

The Settlement provides for the payment of Plaintiffs' counsel fees and expenses in the amount of $7,500 equal to fees in the amount of $6,920 and expenses in the amount of $580. The amount was based on Plaintiffs' counsel's hours of work on the case, which equaled 52.7 hours. Attached as Exhibit B are the time records of William C. Rand. The legal fee amount of $6,920 constitutes an hourly rate of about $131.30 per hour, which is extremely reasonable given that Plaintiffs' counsel, William C. Rand, Esq., regularly charges at least $495 for his time and given that he has over 20 years of litigation experience and specializes in FLSA collective actions. The biography of William C. Rand is attached as Exhibit C. The hours reasonably reflect the hours required to (a) draft and file a collective action complaint, (b) draft Plaintiff's declaration, (c) draft and negotiate a stipulation regarding the certification of a collective action, (d) draft and negotiate a collective action notice, (e) attend a court conference, (f) analyze documents and create a spreadsheet to estimate the damages of each of the Plaintiff, (g) negotiate, draft and execute a settlement agreement, and (h) draft a motion to the Court seeking approval of the settlement.

The rate of $131.30 per hour has been found by courts in this District to be a reasonable rate. "Courts in this District have determined that the range between $250 and $450 is generally an appropriate fee for experienced civil rights and employment law litigators." *Maldonado v. La Nueva Rampa, Inc.,* 2012 U.S. Dist. LEXIS 67058 at * 46 (S.D.N.Y. May 14, 2012) (citing *Allende v. Unitech Design, Inc.,* 783 F. Supp. 2d 509, 514-15 [S.D.N.Y. 2011] [finding rates of $450 for partners and $300 for associates at "well-known and highly respected law firm" are "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases"]). Additionally, this District has found a rate of $350-$400 per hour to be a reasonable rate for the work performed in an FLSA case by an attorney with 12 years of litigation experience. See *Wong v. Hunda Glass Corp.,* No. 09 Civ. 4402 (RLE), 2010 U.S. Dist. LEXIS 90736, 2010 WL 3452417, at *7-9 (S.D.N.Y. Sept. 1, 2010). *See also Chan v. Sung Yue Tung Corp.*, 2007 U.S. Dist. LEXIS 33883, 2007 WL 1373118, at *3-4 (awarding associate director of Urban Justice Center with fifteen years experience $400 per hour). Here, counsel for the Plaintiffs is requesting attorney's fees at a reasonable rate, below the average rate found to be reasonable by this District.

**<u>Negotiated Attorney's Fee Agreements Are Favored</u>**

Negotiated attorneys' fee agreements are favored in collective action settlements. Federal courts at all levels encourage litigants to resolve fee issues by agreement whenever possible. *See In re MDC Holdings Sec. Litig.,* [1990 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶95,474, at 97,487-88 (S.D. Cal. Aug. 30, 1990) ("Because this Court believes the parties should be encouraged to settle all their disputes as part of the settlement… , including the amount of the fee, it believes that if the agreed-to fee falls within a range of reasonableness, it should be approved as part of the negotiated settlement between plaintiffs and defendants."); *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 829 (D. Mass. 1987) ("Whether a defendant is required by statute or agrees as part of the settlement of a class action to pay the

Case 1:16-cv-06774-CM Document 28 Filed 07/07/17 Page 4 of 5

plaintiffs' attorneys fees, ideally the parties will settle the amount of the fee between themselves."); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974) ("In cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically and professionally arrive at a settlement as to attorney's fees.") In affirming the award of a negotiated fee, the Second Circuit has stated:

> [W]here...the amount of the fees is important to the party paying them, as well as to the attorney recipient, it seems to the author of this opinion that an agreement 'not to oppose' an application for fees up to a point is essential to completion of the settlement, because the defendants want to know their total maximum exposure and the plaintiffs do not want to be sandbagged. It is difficult to see how this could be left entirely to the court for determination after the settlement.

*Malchman v. Davis*, 761 F.2d 893, 905 n.5 (2d Cir. 1985), cert. denied, 475 U.S. 1143 (1986). The virtue of a fee negotiated by the parties at arm's length is that it is, in effect, a market-set price. Defendants have an interest in minimizing the fee; plaintiffs have an interest in maximizing it; and the negotiations are informed by the parties' knowledge of the work done and result achieved and their views on what the court might award if the matter were litigated. In *In re Continental Illinois Securities Litigation*, 962 F.2d 566 (7th Cir. 1992), Judge Posner of the Seventh Circuit endorsed a market-based approach to evaluating fee requests. "[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price." *Id.* at 568. "It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order." Id. "Markets know market values better than judges do." *Id.* at 570. "The object in awarding a reasonable attorney's fee...is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation, had one been feasible." *Id.* at 572. Here, such a negotiation was feasible, and was conducted. The Settlement, including a fee payment, was negotiated at arm's length by sophisticated counsel familiar with the case, the risks for both sides, the nature of the result obtained for the class, and the magnitude of the fee the Court might award if the matter were litigated. Thus, the negotiated fee is entitled to a presumption of reasonableness.

**Conclusion**

In conclusion, the parties request that the Court approve the settlement and so order the attached stipulation of dismissal.

Case 1:16-cv-06774-CM Document 28 Filed 07/07/17 Page 5 of 5

Dated: New York, New York
July 7, 2017

LAW OFFICE OF WILLIAM COUDERT RAND

s/William C. Rand

______________________________

William Coudert Rand, Esq.
501 Fifth Avenue, 15th Floor
New York, New York 10017
Tel: (212) 286-1425
Attorney for Plaintiffs

JACKSON LEWIS P.C.

s/Tania J. Mistretta

______________________________

Tania J. Mistretta, Esq.
666 Third Avenue
New York, New York 10017
Tel: (212) 545-4000
Attorneys for Defendants